**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X

GREATER NEW YORK MUTUAL
INSURANCE CO.,

Plaintiff,

v.

LIAKAS LAW, P.C. *et al.*

Defendants.

---------------------------------------------------------------- X

26-cv-450-FB-PK

[ORAL ARGUMENT REQUESTED]

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARK D. ROLNIK'S MOTION TO DISMISS WITH PREJUDICE AND FOR OTHER RELIEF**

Benjamin J. Ashmore Sr., Esq.

THE ASHMORE FIRM PLLC

420 Lexington Avenue, Ste 300
New York, NY 10170

1110 Brickell Ave, Ste 400
Miami, FL 33131

(800) 955-0629
Fax (212) 656-1375
Cell (917) 750-9212

*Attorneys for Defendant Mark D. Rolnik*

## TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 1

I. PLAINTIFF HAS NOT DISPUTED ATTY. ROLNIK'S UNBLEMISHED AND DISTINGUISHED NEAR-HALF-CENTURY OF PRACTICING LAW, OR THAT ALL HIS ALLEGED ACTS WERE UNDERTAKEN AS AN ATTORNEY, AND ALL ITS AUTHORITIES ARE DISTINGUISHABLE .......... 4

II. PLAINTIFF'S STANDING AND RICO PREDICT ARGUMENTS ARE PLAINLY WRONG .......... 6

III. PLAINTIFF'S TIME-BAR DEFENSE AND *RES JUDICATA* ARGUMENTS IGNORE THE FACTS .......... 7

IV. PLAINTIFF MISSES THE MARK IN ITS *RES JUDICATA* CONTENTIONS .......... 8

V. SANCTIONS ARE APPROPRIATE .......... 8

CONCLUSION .......... 9

CERTIFICATION .......... 10

Defendant, Mark D. Rolnik, ("Atty. Rolnik" or "Mr. Rolnik") through his undersigned counsel, respectfully submits this Reply Memorandum of Law in further support of his motion to dismiss the within Complaint (ECF 1, "Compl.") in its entirety and with prejudice as against him, together with an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

## PRELIMINARY STATEMENT

Plaintiff and the Willis Law Group ("WLG") brief ("Opp.") chiefly repeats the allegations in its prolix, duplicative complaint – rather than actually addressing our arguments – and it is remarkable for contending on one hand that Mr. Rolnik's extrinsic evidence should be stricken, but that it also is evidence of his guilt? Equally unavailing is Plaintiff's objection to the evidence reflecting Mr. Rolnik's distinguished, unblemished legal career, without actually disputing that he is, in fact, such an attorney. What their brief does confirm, however, is that this case is a pure fishing expedition, where Plaintiff hopes – in vain – that with discovery, it can manufacture and demonstrate a RICO conspiracy that to date, exists only in the minds of an insurer, upset at the litigation successes of personal injury attorneys, presented in *this* lawfare action brought by a law firm who has filed numerous duplicative lawsuits, where they continue facing an unbroken trend of threshold dismissals as time goes by; this case should fare no differently.

## ARGUMENT

Plaintiff's "Preliminary Statement" and "Statement of Relevant Allegations" confirms that it has not properly pled factual allegations, but instead only brought smoke and mirrors, irrelevant third-party facts, and facts supported only by "information and belief" before the Court as to Mr. Rolnik, in this case.

First, in relying on the Complaint's allegations, ¶¶ 130, 137 (<u>see</u> Opp. at 1-2), Plaintiff ignores that its allegation that Rolnik "sits at the hub" of the "referral and funding network" – because he, with the Runner co-defendants, allegedly "manufactured… the factual circumstances

surrounding such purported accidents" – are allegations devoid of any actual facts supporting this contention. Such conclusory speculation must be rejected. To wit, that Plaintiff relies, Opp. at 2, 8, on deposition excerpts – devoid of context, or even the case, caption and outcome in these matter – reflecting that Mr. Rolnik testified went to an accident site without a claimant, and photographed the site, and (misleadingly presented) that those photographs made their way *after referral* into the case files another law firm? This is not evidence of fraud, and Plaintiffs brief does not explain otherwise. Nor is it evidence that Mr. Rolnik engaged in any fraudulent activity as he did not litigate this case (where all these issues were obviously explored and litigated). Indeed, Plaintiff admits Mr. Rolnik did not prosecute this case, thus his only "crime" is investigating a case, and thereafter, referring it to another law firm to prosecute. Even more fatal to Plaintiff's contentions, from the Complaint it is clear that whatever occurred in this particular case that Mr. Rolnik started, investigated, and then referred out—*Plaintiff was not involved as an insurer thus it has no bearing on the allegations in the instant case, as it could not have resulted in any harms or damages to this Plaintiff* (*cf.* Compl. ¶¶10, 15 with 140-43 confirming that all these "other Claimant" matters on which this insurer Plaintiff relies, in fact are from another case involving a different insurer).

Similarly, Plaintiff's reliance on Complaint ¶146 (Opp. at 2, 8) and the actions of defendant Tavarez, in a case at issue in another of WLG's RICO cases (the "*Union Liakas* action" – that has also now been dismissed, *infra*, including on standing, there too with a primary insurer) are not facts which demonstrate that Mr. Rolnik "sits at the hub" of the "referral and funding network" because he, with the Runner co-defendants, "manufactured… the factual circumstances surrounding such purported accidents." At most, it alleges that Tavarez engaged in conduct reflecting *his* knowledge that Mr. Rolnik's practice handled these types of cases, as it did, without any allegation that Mr. Rolnik controlled, directed or influenced Taverez's actions in this other

case that has no bearing on the instant case, because Plaintiff are not the primary insurer in that case. In fact, Plaintiffs now make the incredulous, unsupported leap that Rolnik was "directing and paying runners" merely because Mr. Rolnik's paralegal's email address was used at a hospital for an injured party. But there is no allegation *in this case* that the claim in *this other case* was, in fact fraudulent, or found to be fraudulent, notwithstanding that Plaintiff is not the primary insurer in this particular other case, as they concede. Nor, do they explain why, it would be inappropriate or unusual for an indigent, non-English speaking person to be accompanied to a hospital, or for a lawyer's paralegal to be listed for contact information. And that Tavarez once had his own claim, that was successfully resolved, would perfectly explain how and why he helped another similarly-injured party find competent counsel (with allegations conveniently devoid of any facts that might explain why these two injured parties knew, or knew of each other before injury). This is precisely how word-of-mouth referrals work, especially in this community, and it is not a RICO enterprise.

Second, the crux of Plaintiff's claim – that this purported RICO enterprise recruited vulnerable claimants, and created false medical evidence, leading to unnecessary treatment, that resulted in fraudulent submissions to insurers, including GNY, Opp. at 7 – ignores that Plaintiffs do not have any actual evidence that the injuries were fake, staged or treated incorrectly. It may not like how it was forced to pay the claims for these injuries, but where is the evidence of *this* fraud? Where are any findings of fraud from any of these individual cases? Why didn't GNY litigate its fraud claims in any of these injuries it settled or paid or was ordered to pay?

Here too, Plaintiff's smoke and mirrors attempt to conjure up a RICO conspiracy is best exemplified by its continued reliance, Opp. at 8, in pleading only that Rolnik's spouse has a lending company that was involved in cases where Plaintiff was not the insurer? How is that relevant to *this* case. The allegations in Complaint ¶¶140-53 do not concern any injury where Plaintiffs were

the insurer, and they do not allege otherwise. This mishmash of facts from extant matters does not create any injury to *these* Plaintiffs, or to any Plaintiff. It is merely the complaint of an insurer who can no longer bully injured, indigent individuals by their wealth and size, because of an ecosystem that has provided resources for litigation for these types of individuals.

Plaintiff's admission, buried at Opp. 12 – that "Rolnik is the only person with personal knowledge of whether he knew or directed Rodriguez, Tavarez, and Sone; whether anyone was compensated for delivering claimants; and whether he retains interests in referred cases" – confirms it has no actual evidence of fraud. Rather, this case is merely a fishing expedition where Plaintiff hopes discovery might reveal what it anticipates – wrongly – exists. Clearly, it has no evidence of this alleged knowledge, compensation, and frankly, attorneys having a financial interest in a case after referral, for the work performed in the case, is routine and permitted by the Rules of Professional Conduct. Plaintiffs do not, and cannot, contend otherwise.

Finally, in addition to the below argument points, and in the interests of judicial economy and brevity, Mr. Rolnik respectfully adopts and incorporates by reference, as if restated herein, the legal arguments and contentions made by his co-defendants in their reply briefs in support of their motions to dismiss, and those motions to dismiss.

## I. PLAINTIFF HAS NOT DISPUTED ATTY. ROLNIK'S UNBLEMISHED AND DISTINGUISHED NEAR-HALF-CENTURY OF PRACTICING LAW, OR THAT ALL HIS ALLEGED ACTS WERE UNDERTAKEN AS AN ATTORNEY, AND ALL ITS AUTHORITIES ARE DISTINGUISHABLE

First, Plaintiff's request that the Court disregard or strike the evidence reflecting Mr. Rolnik's law license and practice entirely misses the mark. As we explained in our opening brief at n.3, the factual contentions concerning Mr. Rolnik's law license, and his publicly filed cases, are not extrinsic evidence requiring conversion to a summary judgment motion, or which require discovery. And Plaintiff's do not, actually, dispute the points that these facts reveal, because they

cannot, *i.e.*, that Mr. Rolnik is a licensed attorney with an unblemished record and the number of cases he has litigated and referred. This is all part of publicly available court records. Accordingly, *Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150 (2d Cir. 2006) (extrinsic evidence concerned trial testimony in an unrelated criminal matter of a government witness used on a 12(b)(6) motion on an issue evaluating ability to pay damages) does not help Plaintiff because these factual contentions set forth in the Ashmore Affidavit and supporting Declarations are very different, about Court records and the existence of a law license in good standing. *Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007), relied on by Plaintiff, in fact shows why these facts are properly before this Court in this case. As the Second Circuit observed in *Roth*,

> In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6)… even if not attached or incorporated by reference, [because] a document "upon which [the complaint] *solely* relies and which is *integral to the complaint"* may be considered by the court in ruling on such a motion [and that] [t]his principle has its greatest applicability in cases alleging fraud. When a complaint alleges, for example, that a document filed with the SEC failed to disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the document to see whether or not those facts were disclosed. Or when the complaint alleges that such a document made a particular representation, the court may properly look at the document to see whether that representation was made.

*Id. Roth* 489 F.3d at 509 (citations omitted).

Simply put, Plaintiff pled Mr. Rolnik as a runner when he was in fact an attorney, and all of the allegedly wrongful acts attributed to him, occurred in the course of his performance of his legal duties as an attorney, permitted under the rules of ethics, *which Plaintiff has not disputed in its objection.* Plaintiff alleges to this Court, Opp. at 11, that Mr. Rolnik referred

"massive volumes of highly suspicious personal injury cases to firms accused of fraud" but that is not evidence of a crime or a RICO enterprise, even if Plaintiff self-servingly deems the cases where it was the insurer to be "highly suspicious" as its primary objective is to reduce the claims it pays to increase its profitability. Plaintiff relies on *United States v. Eisen*, 974 F.2d 246 (2d Cir. 1992) but that concerned a criminal trial where the attorney was found guilty by a jury of "pursuing counterfeit claims and using false witnesses." *United States v. Eisen*, 974 F.2d at 251. By contrast here, at most, Plaintiff alleges that Mr. Rolnik was involved as an attorney in referring "highly suspicious" cases he reasonably could not litigate. This is not enough to pierce his attorney privileges, or upon which RICO claims can be sustained against Mr. Rolnik as a runner, when in fact he was acting, at all times, as an attorney engaged in the practice of law. "Highly suspicious" does not even meet the high bar required by RICO to demonstrate actual fraud.

## II. PLAINTIFF'S STANDING AND RICO PREDICT ARGUMENTS ARE PLAINLY WRONG

Plaintiff's reliance on its posture as a primary insurer and attempts to distinguish the Second Circuit's recent decision(s) in *Roosevelt Rd. Re, Ltd. v. Subin*, No. 25-2560, 2026 U.S. App. LEXIS 376133 (2d Cir. July 22, 2026) (summary order, *en banc d'nd*), is plainly wrong, Opp. at 18-21. As we argued originally, and here, Plaintiff cannot demonstrate the requisite standing and harms from the alleged acts attributed to Mr. Rolnik. To wit, in *Union Mut. Fire Ins. Co. v. Subin Assocs.*, LLP, No. 25-CV-2652 (OEM) (PCG), 2026 U.S. Dist. LEXIS 461358 *12 (E.D.N.Y. Aug. 14, 2026) – the case where Mr. Rolnik is allegedly an unindicted co-conspirator and where all his allegedly wrongful acts, that demonstrate the purported RICO

conspiracy, actually occurred, see Opp. at 8-9, 11-13 – was dismissed, when that court observed there that the primary insured (*Union Fire*) alleged injury was indirect, without established proximate causation, and where that plaintiff as a primary insurer "may not be as far removed as the reinsurers in *Roosevelt Road*… [but that it was] still at least two steps beyond the [alleged] racketeering activity." As Mr. Rolnik has requested here, in *Subin*, the RICO claims were dismissed, and the Court declined to exercise supplemental jurisdiction, and denied leave to amend or supplement. That same result should occur here. Likewise, in *Uber Techs., Inc. v. Wingate, Russotti, Shapiro, Moses & Halperin*, LLP, No. 25-CV-0522 (OEM) (VMS), 2026 U.S. Dist. LEXIS 416030 *4, 6-8 (E.D.N.Y. Aug. 14, 2026), Judge Merchant dismissed similar RICO claims explaining that, allegations that law firm defendants referred claimant's cases to medical provider defendants did not "suggest[] anything more than routine medical referrals" finding that the plaintiffs there failed to allege both the requisite common purpose and interpersonal relationships required for a RICO enterprise. Here, Mr. Rolnik's allegations are nothing more than routine case referrals.

## III. PLAINTIFF'S TIME-BAR DEFENSE AND *RES JUDICATA* ARGUMENTS IGNORE THE FACTS

Plaintiff relies on the injury-discovery rule, Opp. at 21, to assert that its claims are timely. But it fails to grapple with the fact that when defending all of these cases, the attorneys who represented its indemnified premises owners, paid for by Plaintiff, knew all the particulars of the attorneys who represented the injured parties, the medical providers who provided treatment, including Mr. Rolnik. Indeed, the Complaint relies on excerpts of depositions and releases obtained or provided in those cases confirming that it knew, or could have known, of its alleged injuries before 2021, especially those attributed to Mr. Rolnik. What Plaintiff does not state, but

which is obvious, is that it found WLG, a law firm willing to engage in lawfare and decided only recently to bring all these lawsuits. But that does not excuse it from time bar requirements that prevent it from bringing this suit, alleging a RICO conspiracy since 2018. This is the untimeliness on the face of the complaint that is required under *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791 (2d. Cir. 2014).

## IV. PLAINTIFF MISSES THE MARK IN ITS *RES JUDICATA* CONTENTIONS

At Opp. 22, plaintiff relies on no authorities, and entirely misses the mark on the implications of bringing suit now against an attorney, like Mr. Rolnik, alleging fraud in cases that Mr. Rolnik was involved with, when it had the opportunity to raise these claims during those cases it already settled or lost. Indeed, as noted *supra*, Plaintiff now admits where it sees fraud, in the volume of cases it already lost or resolved but still nevertheless views as suspicious cases. It had a remedy: litigate the claims in those case, demonstrate that injured parties were bringing false and fraudulent claims, and litigating them with fraud by attorneys engaged in criminal acts, like what occurred in *Eisen*, *supra* at 6. But it did not. It lost those cases, where Mr. Rolnik may have had some role, at the outset, before referring to his colleagues when he evaluated the claims, or it settled them. That cannot give rise to litigation now against Mr. Rolnik.

## V. SANCTIONS ARE APPROPRIATE

Plaintiff relies on Mr. Rolnik's admission that he is not named in any of WLG's duplicative other lawsuits, but that does not change the fact that (1) he is identified in those lawsuits, or (2) that his wrongful acts giving rise to the alleged RICO predicates in this case, almost entirely come from those cases, and (3) that Plaintiff is continuing to defend this case, by filing its opposition, after the August 14, 2026 decision *Subin* resolving the primary insurer issue against an insurer, and dismissing the case involving the exact insurer where all Mr. Rolnik's specifically identified alleged bad acts, arise. Accordingly, this is precisely the type of case that calls for sanctions.

## CONCLUSION

For the reasons stated above, Defendant Mark Rolnik respectfully requests that the Court grant his motion to dismiss the Complaint in its entirety, and with prejudice, together with an award of fees and costs, and any such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 23, 2026

Respectfully submitted,

/s/ Benjamin J. Ashmore Sr.

Benjamin J. Ashmore Sr., Esq.
(Bar No.: 5902366)

THE ASHMORE FIRM PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(800) 955-0629
Fax: (212) 656-1375
Cell: (917) 750-9212
ben.ashmore.sr@ashmore.law

*Attorneys for Defendant*

## CERTIFICATION

I hereby certify that this Memorandum of Law complies with the typeface and page limitations set forth in this Court's Individual and Local Rules, because it totals 9 pages, excluding those portions of the brief exempted by rule.

.

Dated: New York, New York
October 23, 2026

Respectfully submitted,


/s/ Benjamin J. Ashmore Sr.
Benjamin J. Ashmore Sr., Esq.
(Bar No.: 5902366)

THE ASHMORE FIRM PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(800) 955-0629
Fax: (212) 656-1375
Cell: (917) 750-9212
ben.ashmore.sr@ashmore.law

*Attorneys for Defendant*